**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re. | ) | Chapter 11 |
| Vince's Black Tie, Inc. | ) | Case No 17-36681 |
| Debtor-in-Possession | ) | Chapter 11 |

**INTERIM ORDER AUTHORIZING**
**USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

This matter coming on to be heard on the motion (the "Motion") of Vince's Black Tie, Inc., of Chicago, debtor and debtor in possession (the "Debtor"), for the entry of interim and final orders authorizing the Debtor to use the cash collateral of Lakeside Bank, N.A. ("Bank") and to provide adequate protection to Bank, pursuant to 11 U.S.C. §§ 361, 363(c)(2), 363(e) and Fed. R. Bankr. P. 4001; due and proper notice of the Motion having been given to all parties entitled thereto; the Debtor and Bank having agreed to the Debtor's use of Bank's cash collateral on an interim basis and pending a final hearing on the Motion ("Final Hearing") pursuant to the budget attached hereto as Exhibit A (the "Budget") and the terms of this order (the "Order"); a preliminary hearing having been held on the Motion pursuant to the provisions of Fed. R. Bankr. P. 4001(c)(2);

The Court finding that:

A.  On December 11, 2017 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11, Unites States Code (the "Bankruptcy Code").  The Debtor is continuing to operate its business and manage its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B.  This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § l57(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  Subject to the provisions of paragraph 5 below, the Debtor acknowledges, agrees and stipulates that:

    (i)      The Debtor, as borrower and Lakeside Bank as the lender, entered into an agreement wherein Lakeside Bank extended credit to the Debtor in return for a promisory note and a security agreement to secure the note.

    (ii)      Pursuant to the note an outstanding amount of $300,000 (the "Loan Balance") is due to the Bank.

    (iii)      Under the terms of the note, the Debtor agreed to pay directly to the Bank amounts sufficient to pay the principal of, premium, if any, or interest on the amount, on each day on which any such payment shall become due.

    (iv)      To secure the Debtor's obligations under the note, the Debtor granted: (a) a security agreement on all of the Debtor's properties, including cash.

    (v)      As of the Petition Date, the note and the security agreement is a valid and binding agreement and obligation of the Debtor and are enforceable against the Debtor in accordance with their terms; and

    (vi)      The Debtor has waived, discharged and released any right it may have to challenge any of the security for the Indebtedness.

IT IS HEREBY ORDERED that:

1.     The Motion is granted on an interim basis, subject to the terms and conditions set forth in this Order.

2.     Subject to the terms and conditions of this Order, the Debtor is authorized to use Lakeside Bank's cash collateral in accordance with the Budget to pay actual, ordinary, and necessary expenses for the maintenance of the Property, as well as any other expenses approved by this Court. The Budget may be modified with the prior written consent of Lakeside Bank.

3. In consideration for the use of its cash collateral (solely upon the terms and conditions of this Order), Lakeside Bank shall receive the following (collectively the "Adequate Protection"):

(a) The Debtor shall pay $3,000 to Lakeside Bank from funds in the Cash Collateral Account with the entry of this Order, starting on January 1, 2017, on or before the 15th of each month.

(b) To the extent there is a diminution in Lakeside Bank's interests in the Debtor's property after the Petition Date (whether the reason for such diminution is as a result of, arises from, or is attributable to, the imposition of the automatic stay, the use of cash collateral or depreciation, sale, loss, or otherwise), Lakeside Bank is hereby granted, retroactive to the Petition Date and without the necessity of any additional documentation or filings, valid, enforceable, non-avoidable, and fully perfected liens (the "Adequate Protection Liens") of the highest available priority subject only to any valid and enforceable preexisting liens upon (i) any property that the Debtor acquires after the Petition Date, but excluding any avoidance actions under chapter 5 of the Bankruptcy Code, and (ii) any proceeds generated from such property;

(c) An allowed administrative claim (the "Administrative Claim") under section 507(b) of the Bankruptcy Code to the extent that the Adequate Protection Liens do not adequately protect the diminution in the value of Lakeside Bank's interests in the Collateral; and

(d) The right to petition this Court for any such additional protection it may reasonably require, including, without limitation, Lakeside Bank's right to request additional adequate protection of its interests in the cash collateral or relief from or modification of the automatic stay under section 362 of the Bankruptcy Code.

3

4. This Order shall be sufficient and conclusive evidence of the validity, enforceability and perfection of the Adequate Protection Liens, whether or not Lakeside Bank elects to file or record financing statements, any other documents, or to take such other steps as may otherwise be required to obtain, evidence or perfect such liens under applicable law; and Lakeside Bank may, in its sole discretion, but shall not be required to, file a certified copy of this Order in any filing or recording office in any jurisdiction in which the Debtor has real or personal property, and such filing or recording shall be accepted and shall constitute further evidence of perfection of its liens and security interests.

5. Notwithstanding anything herein to the contrary, (a) any committee of unsecured creditors appointed in this case (the "Committee") shall have until the later of (i) 60 days from the date of appointment of the Committee and (ii) 75 days from the entry of this Order, and (b) any other party in interest (other than the Debtor) shall have until 75 days from the entry of this Order (the applicable date, (the "Investigation Termination Date") to investigate the validity, perfection, and enforceability of the Prepetition Liens and the amount of the Indebtedness or to assert any other claims or causes of action against Lakeside Bank.  If the Committee (if appointed), or any party in interest (other than the Debtor), determines that there may be a challenge by the Investigation Termination Date, such Committee (if appointed) or other party interest shall have only until the Investigation Termination Date to commence an adversary proceeding or contested matter (each, a "Challenge"), as required by the applicable Bankruptcy Rules, on behalf of the Debtor's estate setting forth the basis of any such Challenge. In no event shall the filing of any such Challenge affect any of the rights, privileges, powers or remedies of Lakeside Bank under this Order or the Loan Documents pending a ruling on such Challenge.  If no Challenge is filed on or before the Investigation Termination Date (or such other later date as extended by the written consent of the Debtor and Lakeside Bank), then the agreements,

acknowledgements, releases and stipulations contained in paragraph C of this Order shall be irrevocably binding on the Debtor's estate, the Committee (if appointed) and all other parties in interest (including, without limitation, any receiver, administrator, or trustee appointed in the Case or any successor case or in any jurisdiction) without further action by any party or this Court.

6. The entry of this Order is without prejudice to the Debtor's right to seek authority to use additional cash collateral if the Debtor determines that the cash collateral use authorized by this Order is insufficient.

7. The Debtor is authorized to do and perform all acts, to make, execute and deliver all instruments and documents, and to pay any amounts as provided under this Order, which may be reasonably required or necessary for the Debtor's full and timely performance under this Order.

8. The Motion is hereby set for a Final Hearing before this Court at ___ **a.m. on _____ __, 2018** (such date or such later date to which the final hearing is adjourned or continued, the "Final Hearing Date"), at which time any party in interest may present any timely filed objections to the entry of a final order ("Final Order") in the form of, and containing relief substantially similar to, this Order.  The Debtor shall promptly serve a notice of the Final Hearing, together with a copy of this Order, by regular mail upon (i) the Office of the United States Trustee, (ii) the creditors holding the 20 largest unsecured claims against the Debtor, (iii) any known holders of prepetition liens against the Debtor's property, and (iv) any other party which has filed a request with this Court for notice in this case and served such request upon the Debtor's counsel.  The notice of the Final Hearing shall state that objections to the entry of a Final Order on the Motion shall be in writing and shall be filed with the United States Bankruptcy Clerk for the Northern District of Illinois no later than _____, **2018** which

objections shall be served so that the same are received on or before 4:00 p.m. (Central time) of such date by (i) Laxmi P. Sarathy, 3525 W. Peterson Ave, Suite 208, Chicago, IL, counsel to the Debtor, (ii) counsel to Lakeside Bank, (iii) counsel for any official committee, and (iv) the Office of the United States Trustee. Any objections by creditors or other parties in interest to any of the provisions of this Order shall be deemed waived unless filed and served in accordance with this paragraph.

9. Lakeside Bank's consent and the Debtor's authority to use Lakeside Bank's cash collateral under this Order shall be effective immediately and shall extend through the Final Hearing Date unless subsequently extended by written agreement of the Debtor and Lakeside Bank. To the extent any provision of this Order conflicts with any provision of the Motion, the provisions of this Order shall control.

10. If any or all of the provisions of this Order are hereafter modified, vacated, amended, or stayed by subsequent order of this Court or any other court: (a) such modification, vacatur, amendment, or stay shall not affect (i) the validity of any obligation of the Debtor to Lakeside Bank that is or was incurred prior to Lakeside Bank receiving written notice of the effective date of such modification, vacatur, amendment, or stay (the "Effective Date"), or (ii) the validity, enforceability or priority of the Adequate Protection or other grants authorized or created by this Order; and (b) the Adequate Protection pursuant to this Order arising prior to the Effective Date shall be governed in all respects by the provisions of this Order in effect immediately prior to the Effective Date.

11. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order (a) confirming any plan under chapter 11 of the Bankruptcy Code; (b) approving any sale under section 363 of the Bankruptcy Code, (c) converting the Case to a chapter 7 case, or (d) dismissing the Case; and, notwithstanding the entry of any such order, the

terms and provisions of this Order shall continue in full force and effect, and the Adequate Protection granted pursuant to this Order shall continue in full force and effect, until all of the Indebtedness is indefeasibly paid in full in cash or otherwise satisfied under the terms of the Loan Documents.

Dated: December 19, 2017

ENTER:


Prepared by:
Vince's Black Tie, Inc.



      Laxmi P. Sarathy
      3525 W Peterson Ste 208
      Chicago, IL 60659
      Tel:  312-720-8464
      Fax:  312-873-4774
      *Counsel for Lakeside Bank*

112524340.3